**IN THE SUPERIOR COURT OF GUAM**

| THE PEOPLE OF GUAM,<br><br>v.<br><br>HEN HENRY, a.k.a. Robby Hen,<br>HELPME ROBY, a.k.a. Omni Please,<br>GIBSON BILLIAS, a.k.a. Gypson Billuk,<br>BETEWEN HENRY, a.k.a. Fetin Henry, and<br>ORATUCH HENRY, a.k.a. Henry Oratuch,<br><br>Defendants. | CRIMINAL CASE NO. CF 0682-13<br><br>**DECISION AND ORDER** |
|---|---|

This matter came before the Honorable Arthur R. Barcinas on Defendant Oratuch Henry's Motion to Sever. Attorney Joaquin C. Arriola, Jr. represents Defendant Oratuch Henry and Assistant Attorney General Elizabeth Vasiliades represents the Government. For the reasons set forth below, this Court grants the Motion to Sever.

Per the Superseding Indictment filed on March 13, 2014, Defendant Oratuch Henry is charged with possession of child pornography, photography of minors' sexual acts, and destroying evidence; his Co-Defendants are charged with various counts of criminal sexual conduct. All charges relate to the alleged sexual assault of two minors on December 14, 2013. On January 8, 2014, Defendant Oratuch Henry filed his Motion to Sever pursuant to 8 GCA § 65.35. On January 10, 2014, Defendant Betewen Henry joined Defendant Oratuch Henry's Motion to Sever. On January 30, 2014, the Government filed its Opposition to Severance. On February 10, 2014, Co-Defendants Hen Henry and Gibson Billias each filed a Motion to Sever, although both have since reached plea agreements with the Government. The Court took the matter under advisement on February 11, 2014.

Defendant Oratuch Henry requests that the Court sever his trial from that of his Co-Defendants and asserts that, in statements to police, each Co-Defendant implicated other Co-

Defendants in the alleged criminal sexual activity. In particular, Defendant Oratuch Henry argues that "the Court must sever Defendants and order separate trials in order to avoid the undue prejudice and impingement of [his] right to confrontation through the admission of out-of-court statements" of Co-Defendants Helpme Roby and Betewen Henry which "clearly implicate" Defendant Oratuch Henry.

The Government opposes severance and characterizes it as an "extreme remedy." As an alternative, the Government proposes that, in the joint trial, the Court redact the names of Co-Defendants and provide limiting instructions "to protect the confrontation rights" of Co-Defendants with respect to the confessions and "to minimize the trauma of the two young victims" with respect to repeat testimony.

The Court may grant a severance of defendants or provide other relief justice requires "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together[.]" 8 GCA § 65.35 ("Section 65.35 is based on [. . .] former Rule 14" of the Federal Rules of Criminal Procedure.). "Severance should be granted only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). To prevail on a motion to sever, a defendant bears the burden to show clear, manifest, or undue prejudice from a joint trial. United States v. Polizzi, 801 F.2d 1543, 1554 (9th Cir. 1986). "The prime consideration in assessing the prejudicial effect of a joint trial is whether the court may reasonably expect the jury to collate and appraise the independent evidence against each defendant in view of its volume and the court's limiting instructions." United States v. Sherlock, 962 F.2d 1349, 1360 (9th Cir. 1989).

Bruton and its progeny are instructive: "[A] defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." Richardson v. Marsh, 481 U.S. 200, 207 (1987); Bruton v. United States, 391 U.S. 123, 126-27, 132 (1968). The Court is mindful that redaction may serve to eliminate any Bruton problems. Sherlock, 962 F.2d at 1361 (citing Richardson, 481 U.S. at 209). However, considering the complex array of statements made by Co-Defendants to the police, it is apparent that a given Co-Defendant's Fifth Amendment privilege

against self-incrimination is in tension with another's Sixth Amendment right to confront witnesses against him. Accordingly, the Court is not persuaded that clear, manifest, or undue prejudice can be avoided by the measures proposed by the Government, and the Court is not inclined to sacrifice constitutional rights in favor of judicial economy. See Bruton, 391 U.S. at 137 ("We cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination."). Moreover, severance is appropriate when a defendant shows that "'[t]he essence or core of the defenses [are] in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other.'" Sherlock, 962 F.2d at 1361 (quoting United States v. Romanello, 726 F.2d 173, 177 (5th Cir. 1984)). In view of the myriad statements offered by Co-Defendants, a joint trial would be prejudicial and, indeed, judicial economy would be undermined by admission of such a morass of conflicting accounts and theories of defense.

The Court concludes that Defendant Oratuch Henry has made a sufficient showing that severance is necessary and, therefore, his Motion to Sever is GRANTED. Each Co-Defendant shall be tried separately.

**IT IS SO ORDERED** this day of $\underline{\text{MAR 3 1 2014}}$.

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

SERVICE VIA COURT BOX.
I acknowledge that a copy of the
Original hereto was placed in the
court box of:

Date:_____ Time:_____

Deputy Clerk, Superior Court of Guam